# UNITED STATES DISTRICT COURT

# FOR THE WESTERN DISTRICT OF LOUISIANA

# SHREVEPORT DIVISION

| | |
|---|---|
| **KAREEM ABDUL JOHNSON** | **CIVIL ACTION NO. 22-4568-P** |
| **VERSUS** | **JUDGE FOOTE** |
| **N. DAVIS, ET AL.** | **MAGISTRATE JUDGE HORNSBY** |

## REPORT AND RECOMMENDATION

In accordance with the standing order of this court, this matter was referred to the undersigned Magistrate Judge for review, report, and recommendation.

## STATEMENT OF CLAIM

Before the court is a civil rights complaint filed in forma pauperis by pro se plaintiff Kareen Abdul Johnson ("Plaintiff"), pursuant to 42 U.S.C. § 1983. This complaint was received and filed in this court on August 25, 2022. Plaintiff is incarcerated at the Caddo Correctional Center in Shreveport, Louisiana. He names Officer N. Davis, Officer A. Brown, and Shreveport Police Chief Wayne Smith defendants.

On July 3, 2022, Officer Davis approached Plaintiff and told him to exit his vehicle because it had been reported stolen. Plaintiff told Officer Davis the vehicle belonged to him and was not stolen. He claims an NCIC check was done and the vehicle was not reported stolen. He claims Officer Davis then told him he did not have right to drive the vehicle. Plaintiff again informed Officer Davis that the vehicle belonged to him. Plaintiff claims Officer Davis placed him in handcuffs and searched his vehicle without probable cause.

In the presence of Booking Officer Brown, Plaintiff informed Officer Davis that he did not read his <u>Miranda</u> rights to him. He claims Officer Davis told him "Fuc* your rights and when you get out I will see you again and arrest you again." Plaintiff was then booked for unauthorized use of a motor vehicle, manufacture/distribution/possession of a schedule I, possession of marijuana, and being a fugitive.

Plaintiff claims that on October 3, 2022, he was sentenced to two years suspended and one year active supervised probation. He claims the charge of possession of a schedule I was dismissed. He claims he is currently appealing his convictions in the state courts.

Accordingly, Plaintiff seeks declaratory and injunctive relief, dismissal of all charges against him, compensatory and punitive damages, costs, and any other relief that is just, proper, and equitable.

## LAW AND ANALYSIS

Plaintiff claims his convictions and sentences are illegal. Plaintiff is seeking monetary damages and injunctive and declaratory relief for allegedly unconstitutional convictions and sentences. The United States Supreme Court held that in order to recover monetary compensation for an allegedly unconstitutional conviction or sentence or for "harm caused by actions whose unlawfulness would render a conviction or sentence invalid," a prisoner must show that the conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas." <u>Heck v. Humphrey</u>, 512 U.S. 477, 486-87, 114 S.Ct. 2364, 2372 (1994). <u>Heck</u>

involved a civil rights claim brought by a state prisoner. Courts have also extended the holding in Heck to claims seeking injunctive or declaratory relief pursuant to 42 U.S.C. § 1983. See Edwards v. Balisok, 520 U.S. 641,648, 117 S.Ct. 1584, 1589, 137 L.Ed.2d 906 (1997); Clark v. Stalder, 154 F.3d 186, 190-91 (5th Cir. 1998). The Court dismissed the Section 1983 suit until plaintiff could demonstrate that his conviction or sentence had been invalidated.

When a claim comes within the parameters of the Heck teachings, it is not cognizable under 42 U.S.C. § 1983 so long as the validity of the conviction or sentence has not been called into question as defined therein, which requires dismissal of claims not meeting its preconditions for suit. See Johnson v. McElveen, 101 F.3d 423, 424 (5th Cir. 1996).

Plaintiff is seeking monetary damages and injunctive and declaratory relief for civil rights violations under Section 1983; therefore, he must prove his convictions and/or sentences have been invalidated. He has not met this precondition and his complaint must be dismissed until such time that he can demonstrate that his convictions and/or sentences have been invalidated.

## CONCLUSION

Because Plaintiff filed this proceeding in forma pauperis ("IFP"), if this court finds Plaintiff's complaint to be frivolous it may dismiss the complaint as such at any time, before or after service of process, and before or after answers have been filed. See 28 U.S.C. § 1915(e); Green v. McKaskle, 788 F.2d 1116, 1119 (5th Cir. 1986); Spears v. McCotter,

766 F.2d 179, 181 (5th Cir. 1985). District courts are vested with extremely broad discretion in making a determination of whether an IFP proceeding is frivolous and may dismiss a claim as frivolous if the IFP complaint lacks an arguable basis either in law or in fact. See Hicks v. Garner, 69 F.3d 22 (5th Cir. 1995); Booker v. Koonce, 2 F.3d 114 (5th Cir. 1993); Neitzke v. Williams, 490 U.S. 319, 109 S.Ct. 1827 (1989).

Accordingly;

**IT IS RECOMMENDED** that Plaintiff's civil rights claims seeking monetary damages and injunctive and declaratory relief for his allegedly unconstitutional convictions and sentences be **DISMISSED WITH PREJUDICE** as frivolous under 28 U.S.C. § 1915(e) until such time as the Heck conditions are met.

**IT IS FURTHER RECOMMENDED** that his motion to show cause for a preliminary injunction and a temporary restraining order [Doc. 17] and his motion for default judgment [Doc. 18] be **DENIED**.

## OBJECTIONS

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objection within fourteen (14) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendations set forth above, within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking, on appeal, the proposed factual findings and legal conclusions that were accepted by the district court and that were not objected to by the aforementioned party. See <u>Douglas v. U.S.A.A.</u>, 79 F.3d 1415 (5th Cir. 1996) (en banc).

**THUS DONE AND SIGNED**, in chambers, in Shreveport, Louisiana, on this 16th day of November, 2022.

_____
Mark L. Hornsby
U.S. Magistrate Judge